[2] The complaint sets out plaintiff's claim in one cause of action. No motion was made to separately state and number two causes of action. Under such circumstances, we do not see how the verdict of the jury can be separated, and one part allowed to stand and the other set aside.

The defendant claims that it had the power to stop this work, and that if it did the contract was broken and no payments became due under it. It also claims that this payment of $300 was in the nature of an accord and satisfaction, and, having been paid, Sacks had no right to do any more work, and therefore no further sum became due which could be assigned to the plaintiff and give it a cause of action therefor.

The difficulty with this claim is that if it had the power to order the work stopped it had no legal right to do so. As matter of fact the work was not stopped, but suspended, and finally resumed and substantially completed. Accord and satisfaction is not pleaded. Nor is payment. Sacks certainly was not the agent of the plaintiff and could make no agreement which would interfere with its rights. The verdict should have been set aside in its entirety.

The order appealed from should be modified by providing that the verdict of the jury should be set aside and a new trial ordered, and as so modified affirmed, and, as both parties appeal, without costs to either party. All concur.

---

(156 App. Div. 466.)

PEOPLE ex rel. BUFFALO & L. E. TRACTION CO. v. STATE BOARD OF TAX COM'RS.

(Supreme Court, Appellate Division, Fourth Department. April 30, 1913.)

1. TAXATION (§ 376*)—ASSESSMENT—TANGIBLE PROPERTY.

The viaduct of a street car company was properly treated as tangible property in assessing its special franchise; but the pavement between the rails of its tracks and for two feet outside thereof was improperly considered as tangible property.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 625, 629–631; Dec. Dig. § 376.*]

2. TAXATION (§ 496*)—ASSESSMENT—REDUCTION—SUFFICIENCY OF EVIDENCE.

In a proceeding to have an assessment of the franchise of a traction company reduced, evidence *held* not to show that the assessment was excessive after an improper item had been eliminated from the assessment.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 890–910; Dec. Dig. § 496.*]

3. TAXATION (§ 496*)—ASSESSMENT—REDUCTION—BURDEN OF SHOWING EXCESS.

It is incumbent on a traction company, seeking to have an assessment of its franchise reduced, to affirmatively show that the assessment imposed by the state board of tax commissioners was excessive, and that it is entitled to have the assessment reduced.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 890–910; Dec. Dig. § 496.*]

Appeal from Special Term, Erie County.

Proceeding by the People, on the relation of the Buffalo & Lake Erie Traction Company, against the State Board of Tax Commis-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sioners (Town of Westfield Case). From a final order of the Special Term (77 Misc. Rep. 235, 136 N. Y. Supp. 474), reducing an assessment upon relator's special franchise and apportioning the assessment, both parties appeal. Reversed, and assessment confirmed as reduced.

Argued before McLENNAN, P. J., and KRUSE, ROBSON, FOOTE, and LAMBERT, JJ.

Kenefick, Cooke, Mitchell & Bass, of Buffalo (Edward H. Letchworth, of Buffalo, of counsel), for relator.

Thomas Carmody, Atty. Gen., and C. R. McSparren, of Albany, for defendant.

FOOTE, J. This is a proceeding by certiorari to review the action of the state board of tax commissioners in assessing special franchises of relator in the town of Westfield, Chautauqua county, in the year 1911. Relator's special franchises were assessed at the sum of $130,000 as their value. In its petition for the writ of certiorari, relator, among other things, alleges that this assessment is erroneous by reason of overvaluation, and that the value of the property does not exceed the sum of $50,212.45. By its return the defendant board denies that the assessment is erroneous by reason of overvaluation, and certifies that the valuation was made in gross, after considering separately, as elements in arriving at said valuation, both the intangible right or privilege to occupy and use the streets, highways, and public places for which the special franchise was granted and the value of the tangible property located therein and used in connection therewith, and "no separate valuations of said intangible right or tangible property were made."

On the hearing at Special Term, no testimony was given, but the parties made and submitted a written stipulation of facts as the basis for the determination of the controversy. Among the facts so agreed to are the following: (1) That the present value of relator's property in the streets, on the basis of the cost of reproducing the same new, is $179,979.35, including the viaduct and pavement. (2) The present value of the property in the streets, allowing for depreciation, is $152,723.45, including said viaduct and pavement. (3) That the assessment includes an item of $55,000 tangible property, representing the value of the so-called Westfield viaduct, after deducting the amount contributed toward its construction by the town of Westfield. (4) That the assessment includes an item of $12,656 tangible property, representing the depreciated value of the pavement between the tracks of the relator's railroad and for two feet outside of those tracks, being the pavement which relator is required to have and keep in permanent repair pursuant to section 98 of the Railroad Law (Consol. Laws 1910, c. 49).

Attached to the stipulation is the written contract made October 13, 1908, between the town of Westfield, its highway commissioner, and relator, providing for the construction of the viaduct in question by relator and the contribution by said town to the expense thereof of the sum of $35,000. From this contract it appears that relator

agreed to construct this viaduct at an expense of at least $95,000, to carry one of the highways of said town across the valley of the Chautauqua creek, and also to carry relator's railroad, the tracks of which are in this highway.

[1] The Special Term has determined that the viaduct in which relator has an investment of $55,000 was properly treated by the defendant board as tangible property of relator in the street, but that the pavement between the rails of relator's railroad track and for two feet outside those rails, which has a present depreciated value of $12,-656, is not tangible property of relator, to be included as such in the assessment of its special franchise. The reasons for the conclusions so reached are stated in the opinion of Mr. Justice Wheeler upon the decision of the case, which is reported in 136 N. Y. Supp. 474. We concur in this opinion as respects the propriety of treating the viaduct as tangible property of relator, and the inpropriety of treating the pavement as such, and we find no occasion to add anything here upon that subject.

[2] It is urged, however, by the learned Attorney General, that if it be conceded that the pavement was not tangible property of relator in the streets, to be valued as such in the assessment, but was owned by the municipality, still as the assessment for relator's special franchise is $130,000, and the stipulated value of relator's property in the streets, after allowing for depreciation, is $152,723.45, including the viaduct and pavement, a deduction of $12,656 erroneously included for the pavement leaves the value to be assessed at $140,067.45, or more than $10,000 greater than the assessment, and hence that the assessment is, in fact, too low, and relator has not been injured. We think defendant is correct in this contention.

[3] It is incumbent on relator to show affirmatively that the assessment imposed by the state board was excessive, and that it is entitled to have the amount of the assessment reduced. People ex rel. Jamaica Water Supply Co. v. State Board of Tax Commissioners, 196 N. Y. 39, 89 N. E. 581; People ex rel. Niagara Falls Hydraulic Power & Mfg. Co. v. State Board of Tax Com'rs, 202 N. Y. 426, 95 N. E. 754. In the case last cited it was found as a fact by the trial court that the valuation of the special franchise of the relator in that case, as determined by the state board at $185,400, was less than the actual value of said franchise; but in valuing the franchise the state board had included the value of a proportionate part of the water power developed by relator's canal, and although this was held to be erroneous, still the relator in that case was held not entitled to relief, because it did not appear that the assessment was excessive as respects the value of relator's other property excluding the water power.

The learned justice at Special Term distinguishes that case from the present case because there is no finding in this case that defendant's valuation of the special franchise is too low, and that here the parties have stipulated that the assessment as made includes an item of $12,656 for pavement as tangible property. We think these circumstances do not serve to distinguish the two cases. The board was not justified in the present case in including the value of the pavement in

the assessment as tangible property of the relator. In the case cited the board had improperly included a portion of the value of the water power as part of the special franchise, but after that erroneous item was deducted it still did not appear that the assessment was erroneous in that case, and after the erroneous item of the pavement is deducted in our case the conceded value of the remaining property of relator subject to assessment is greater than the amount of the assessment. Thus relator has failed to show that it is injured by this assessment. On the other hand, it has conceded by the stipulation made that the assessment should have been for at least $140,067.45, or more than $10,000 greater than it is.

We conclude, therefore, that the order appealed from should be reversed, and the assessment confirmed, reducing the amount thereof 20 per cent. for equalization, with costs of this appeal to the defendant. All concur; KRUSE, J., in result only.